## HORNOR VS. O'SHIELDS.

CERTIORARI: *Practice in.*

> The better practice in certiorari, is for a transcript of the record to be exhibited with the petition, and a writ regularly issued and returned. And where it does not appear that the record sought to be quashed was before the court, it did not acquire jurisdiction.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Tappan & Hornor*, for appellants.

*Palmer*, contra.

HARRISON, J. :

R. L. O'Shields, administrator of Isaac O'Shields, deceased, applied to the court below for a writ of certiorari to the Probate Court, to bring up the record and proceedings in the matter of allowance of two claims against the decedant's estate, in favor of John J. Horner.

The petition stated that W. E. and C. L. Moore, on the 1st day of June, 1867, in the Phillips Circuit Court, recovered judgment against said Isaac O'Shields for $503.04 and 10 per cent. interest thereon, from that date until paid ; and Charles L. Moore and Robert C. Moore, also, the same day, in said court, recovered judgment against him for $202.95, and 10 per cent. interest thereon from said date until paid ; and that they afterwards assigned and transferred the judgments to said Hornor.

That on the 5th day of January, 1876, Hornor exhibited certified transcripts of the judgments to P. O. Thweat, who was the petitioner's attorney, and Thweat, at his request, made the following endorsement on them :

"Examined and not allowed. Notice and copy waived.

R. L. O'SHIELDS, Adm'r,

per THWEAT, Att'y."

And at the January Term, 1876, he presented the judgment so endorsed to the Probate Court for allowance against the decedant's estate, and that the Probate Court, allowed the claims and ordered that they be paid as claims of the third class. That Thweat, though the petitioner's attorney in other matters, had no authority from him to make the indorsement upon the claims, or to waive notice of their presentation ; that the claims had never been exhibited to himself, and he had had no knowledge of the allowance of the claims, until the time in which he might have appealed therefrom, had elapsed ; that there had been no revival of the liens of the judgments, and that the exhibition of the claims to Thweat was not within one year from the date of the letters of administration.

Hornor filed an answer to the petition. He admitted all its statements, except those denying that the claims had ever been exhibited to the petitioner himself, that Thweat had authority to make the indorsement on the claims, or to waive notice of their presentation, as to which he declared that the claims were duly exhibited to the petitioner himself, and that he waived the copy and notice of the presentation, and that the endorsement was made by Thweat at his request.

The record says, that Hornor waived the issuing of the writ, and that the record of the Probate Court was brought in, and it was agreed by the parties that the answer of Hornor should be considered as a return to the writ, and that the cause was heard upon the petition, answer, transcript from the Probate Court, and the testimony of witnesses.

The court affirmed the allowances of the claims, but quashed the classification of them.

No copy of the orders and proceedings of the Probate Court appears to have been made an exhibit with the petition, as properly should have been done, and no such record, if the

same was really before the court below, is in the transcript before us.

The court in the case of *McKay et al.* v. *Jones et al.*, 30 Ark., 148, says: "The greatest extent to which we have gone in sustaining the jurisdiction of the Circuit Court in cases of certiorari, has been to permit the parties, by consent, to waive the necessity of a writ, and try the case upon the transcript filed."

The better practice, however, is for a transcript of the record to be exhibited with the petition, and that the writ be issued and regularly returned.

A record imports absolute verity, an attribute, the agreement of the parties could not impart to Hornor's answer, and in certiorari to inferior courts, the record alone is the subject of consideration, and so far as it extends conclusive.

As therefore the orders and proceedings of the Probate Court were not before the Circuit Court, it acquired no jurisdiction over the subject matter of the controversy.

The judgment of the court below must therefore be reversed, and the cause remanded to it, with instructions to grant leave to the appellee, if so advised, to amend his application by filing as an exhibit to his petition a certified transcript of the orders and proceedings of the Probate Court; and for further proceedings according to law.